### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ENISA MUJCINOVIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** |
| | ) | |
| **AIMBRIDGE HOSPITALITY d/b/a TMI** | ) | |
| **EMPLOYEE MANAGEMENT, L.P.,** | ) | |
| | ) | **Jury Demand** |
| **Defendant.** | ) | |

### COMPLAINT

NOW COMES, the Plaintiff, ENISA MUJCINOVIC (hereinafter referred to as "Plaintiff" or "Mujcinovic"), by and through her attorneys, Anthony J. Peraica & Associates, Ltd., and for her Complaint against the Defendant, AIMBRIDGE HOSPITALITY LLC d/b/a TMI Employee Management, L.P. (hereinafter referred to as "Defendant" or "Aimbridge"), alleges and states as follows:

### Nature of Claims

1.  Plaintiff brings this action to remedy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and for the state law claim of Retaliatory Discharge. Plaintiff seeks legal and equitable relief, including, but not limited to, placement in previously held position, adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

### Jurisdiction and Venue

2.  Jurisdiction of this Court is invoked pursuant to federal question jurisdiction, 28 U.S.C. §1331. Supplemental jurisdiction over the state law claims is pursuant to 28 U.S.C. §1367. Venue is proper in this District pursuant to 28 U.S.C. §1391.

3.    The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**Parties**

4.    Plaintiff is a Muslim female immigrant from Bosnia. She currently resides in the City of Joliet, County of Will, State of Illinois.

5.    Plaintiff was a housekeeping employee of Defendant Aimbridge Hospitality LLC d/b/a TMI Employee Management L.P.

6.    Defendant Aimbridge Hospitality LLC acquired TMI Employee Management in 2017.

7.    Upon information and belief, the Defendant is incorporated in the State of Delaware with its Principal Office located in Plano, Texas.

8.    Plaintiff's paychecks reflected the employer as Aimbridge Hospitality TMI Employee Management LP.

9.    At all times relevant, the Defendant has continuously been a corporation doing business in the State of Illinois and continuously employed in excess of 15 employees.

10. Plaintiff was at all relevant times employed by the Defendant and worked for the Defendant in the State of Illinois under its authority and control.

**Procedural Requirements**

11. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue letter. Exhibits A (complaint) and B (Right to Sue).

2

**Factual Allegations**

12. Plaintiff's employment began in or around September 2007 and her most recent position was Executive Housekeeper.

13. Plaintiff was performing her job, housekeeping, for the Defendant at Fairfield Inn & Suites by Marriott Joliet North/Plainfield.

14. Plaintiff performed her job to the satisfaction of her employer.

15. Plaintiff is regarded by her fellow employees as a skilled and hardworking employee.

16. Plaintiff would receive annual hourly pay increases.

17. On March 12, 2021, Plaintiff overheard another employee Celia and the General Manager Nicholas Mehr talking about raises in the laundry room.

18. Plaintiff walked over and asked the General Manager for a raise.

19. General Manger Nicholas Mehr told the Plaintiff "NO" and terminated her employment.

**COUNT I – DISCRIMINATION BASED ON RELIGION**

20. Plaintiff re-alleges paragraphs 1 through 19 of the previous sections of the Complaint as Paragraph 20 of this Count I.

21. Plaintiff has been subject to harassment by Defendant's General Manager Nicholas Mehr for the past 3 years of her employment.

22. Upon information and belief, Mehr frequently or severely harassed the Plaintiff due to her religious beliefs—Islam--to the point that it created a hostile or offensive work environment.

23. On information and belief, Plaintiff was termination because she is Muslim.

24. Plaintiff has suffered damages, humiliation and loss of reputation, as a result of

3

Defendant's actions, including, but not limited to, loss of earnings and emotional anguish.

WHEREFORE, Plaintiff requests the following relief:

a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of her discriminatory firing;

b. Front pay;

c. Compensatory damages;

d. Attorney Fees and costs; and

e. Such other relief as the Court deems proper.

## COUNT II – DISCRIMINATION BASED ON NATIONAL ORIGIN

25. Plaintiff re-alleges paragraphs 1-19 of the previous sections as paragraph 25 of this Count II.

26. Plaintiff has been subject to harassment by Defendant's General Manager Nicholas Mehr for the past 3 years of her employment.

27. Upon information and belief, Mehr frequently or severely harassed the Plaintiff due to her national origin—Bosnian, Non-American--to the point that it created a hostile or offensive work environment.

28. On information and belief, Plaintiff was termination because she is an immigrant and from Bosnia.

29. Plaintiff has suffered damages, humiliation and loss of reputation, as a result of Defendant's actions, including, but not limited to, loss of earnings and emotional anguish.

WHEREFORE, Plaintiff requests the following relief:

a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of her discriminatory firing;

b. Front pay;

    c.  Compensatory damages;

    d.  Attorney Fees and costs; and

    e.  Such other relief as the Court deems proper.

### COUNT III – State Law -- RETALIATORY DISCHARGE

30. Plaintiff restates and re-alleges paragraphs 1 through 29, as though fully set forth herein in Count III.

31. Defendant retaliated against Plaintiff for seeking the same employment benefits as her fellow employees.

32. Upon information and belief, Plaintiff was the only employee terminated for asking for a raise.

33. Plaintiff has suffered damages as a result of Defendant's discriminatory actions, including but not limited to, loss of earnings and emotional and mental anguish.

WHEREFORE, Plaintiff, Enisa Mujcinovic, requests that this Honorable Court award her:

    a.  Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

    b.  Front pay;

    c.  Compensatory damages;

    d.  Attorney Fees and costs; and

    e.  Such other relief as the Court deems proper.

Respectfully Submitted,
Enisa Mujcinovic
By:   /s Anthony J. Peraica

Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
support@peraica.com